UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
JACKSONVILLE DIVISION

UNITED STATES OF AMERICA,

    Plaintiff,

v.                                                        CASE NO. 3:22-cv-539-BJD-JBT

DANEEN M. FORTNER,

    Defendant.
_____/

## ORDER

**THIS CAUSE** is before the Court on Plaintiff's Motion to Deem Defendant as Served ("Motion") (Doc. 13). For the reasons stated herein, the Motion is due to be **DENIED. On or before December 23, 2022**, Plaintiff shall **SHOW CAUSE** why this case should not be **dismissed without prejudice** pursuant to Fed. R. Civ. P. 4(m).

Plaintiff sets forth two reasons why the Court should "deem Defendant as served": that Defendant "has actual notice of the complaint filed against her and has been evading service." (*Id.* at 5.) Neither reason has merit in this case.

Plaintiff's first argument regarding actual notice is foreclosed by binding Eleventh Circuit precedent. In *Albra v. Advan, Inc.*, 490 F.3d 826, 829 (11th Cir. 2007), the Court stated: "A defendant's actual notice is not sufficient to cure defectively executed service." In the case at bar, there is no service at all, much less defectively executed service. *See also Talib v. Anders*, No. 3:17-cv-452-J-

39JRK, 2018 WL 806868 at *3 (M.D. Fla. Feb. 9, 2018) ("[T]he Plaintiff is advised that proper and <u>complete</u> service is a jurisdictional requirement, which may not be waived by the Court.")  Thus, Plaintiff's first argument has no merit.

Plaintiff's second argument fares no better for several reasons.  First, Plaintiff has not sufficiently shown that Defendant is in fact evading service.  Initially, Plaintiff moved for a Clerk's default based on an un-notarized "Affidavit of Service," indicating four attempts made by a process server to serve Defendant at her alleged residence at 10784 Lawson Branch Court, Jacksonville, Florida. (Docs. 4 & 6.)  The four attempts spanned a one-week period in June of 2022. Three times there was "[n]o answer and no cars."  (Doc. 4.)  On the fourth attempt, the process server "drop served"  the documents outside the residence after having some contact with an unknown occupant.  (*Id.*)

This Court then entered an Order requiring Plaintiff to file an amended motion for default and an accompanying memorandum of law addressing why the "dropped service" was effective. (Doc. 7.)  Plaintiff filed an amended motion. (Doc. 8.)  Subsequently, Plaintiff was ordered to file "an amended affidavit from the process server that:  (1) [was] properly notarized, and (2) provide[d] additional information, if available, that confirm[ed] that the person served [was] Defendant." (Doc. 9.)

Plaintiff then withdrew its amended motion for default and requested additional time to effect proper service, which this Court granted.  (*See* Docs. 10, 11, 12.)  Plaintiff then had a different process server make seven more attempts

to serve Plaintiff at the same address, over the course of a one-week period in October of 2022. (Doc. 13-2.) Plaintiff now argues that Defendant is evading service based on the following representations by the process server: on the seven occasions, Defendant did not answer the door, a car was in the driveway, and a sign below Defendant's door read "Not accepting Fedex deliveries." (Docs. 13 at 3–4, 13-1 at 1.)

The above facts are insufficient to show that Defendant is evading service. It is not even clear that Defendant is currently residing at the listed address. For example, in allowing substituted service under Florida law, the court in *Verizon Trademark Servs., LLC v. Producers, Inc.*, noted the following steps Plaintiff's counsel had taken to serve process:

> [Plaintiff's] counsel directed numerous attempts to effect service at [Defendant's] Tampa, Florida home over several months. When service was not accomplished, [Plaintiff's] counsel directed surveillance of [Defendant's] home including interviews of the neighbors. [Plaintiff's] efforts to personally serve [Defendant] were diligent, persistent, determined, conscientious and appropriate, albeit unsuccessful. Therefore, use of Florida substituted service Statute, Section 48.161, is appropriate.

No. 8:10-cv-665-T-33EAJ, 2011 WL 3296812 at *5 (M.D. Fla. Aug. 2, 2011) (footnote omitted).

In this case, Plaintiff has not undertaken a diligent, conscientious effort to serve Defendant. Plaintiff basically just keeps sending a process server to what could be an empty house. So far as the record shows, Plaintiff has not done any investigation, has not spoken with neighbors, has not done surveillance, and

3

generally has not used any of the vast resources legitimately available to it to serve Defendant.

Moreover, Plaintiff has not even cited any appropriate law, such as Florida's statute regarding substitute service, Fla. Stat. § 48.161, to support its request. The Court cannot just magically "deem Defendant as served." (Doc. 13 at 5.) It must have a legal basis to do so. See Talib, 2018 WL 806868 at *3. Nevertheless, the Court has considered Florida's substitute service statute and Plaintiff has not met its requirements. First Plaintiff has not complied with the procedural requirements in that statute. See Fla. Stat. § 48.161. Second, as the Verizon court recognized:

> In order to justify the use of substituted service, "The test . . . is . . . whether the [plaintiff] reasonably employed knowledge at [her] command, made diligent inquiry, and exerted an honest and conscientious effort appropriate to the circumstances, to acquire information necessary to enable [her] to effect personal service on the defendant."

2011 WL 3296812 at *3 (quoting Delancy v. Tobias, 26 So.3d 77, 78 (Fla. 3d DCA 2010). As discussed, Plaintiff has not satisfied this test.

Plaintiff has now had almost seven months to effectively serve process on Defendant and has not done so. (Docs. 1 & 3.) Therefore, Plaintiff will be ordered to show cause within fourteen (14) days why this case should not be dismissed without prejudice pursuant to Fed. R. Civ. P. 4(m).

Accordingly, it is **ORDERED**:

1. The Motion (**Doc. 13**) is **DENIED**.

2. **On or before December 23, 2022**, Plaintiff shall **SHOW CAUSE** why

4

this case should not be **dismissed without prejudice** pursuant to Fed. R. Civ. P. 4(m).

      **DONE AND ORDERED** in Jacksonville, Florida, on December 9, 2022.

_____
JOEL B. TOOMEY
United States Magistrate Judge

Copies to:

Counsel of Record

5